UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL K. HENSLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAZER SPOT, INC. and DOES 1-100, inclusive,<br><br>　　　　Defendant. | No. 2:20-cv-00062-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

After Lazer Spot, Inc.'s former employee, Russell Hensley, filed suit in Yolo County Superior Court, the corporation removed this case to federal court. Notice of Removal, ECF No. 1. Lazer Spot invoked the Court's diversity jurisdiction, arguing the amount in controversy exceeded the statutory threshold and that the two parties—a California citizen and a Georgia corporation— are completely diverse. Notice of Removal at 2-6. In response, Hensley filed a motion to remand.[1] ECF No. 8. He contends the Court should not rely upon the amount in controversy listed in his complaint because it mistakenly alleges that Hensley seeks up

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 7, 2020.

1

to $4,999,999.99 in monetary damages.  Mot. at 3 (citing Guez Decl. ¶ 3, ECF No. 8-1).  The actual amount in controversy, Hensley argues, is $52,213.15, exclusive of attorney fees.  Id.; Reply at 1-2, ECF No. 12.

When a complaint "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that a plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). As explained below, Hensley failed to either satisfy the legal certainty standard or provide compelling reasons for why that standard should not apply. For these reasons, the Court denies his motion to remand.

I.   BACKGROUND

From 2016 through 2019, Hensley worked for Lazer Spot at its trucking yard management center in Yolo County, CA.  Compl. ¶¶ 1, 11, ECF No. 1-1.  He alleges that Spot failed to timely compensate him for (1) involuntarily-forfeited rest periods; (2) involuntarily-forfeited meal periods; (3) overtime; and (4) off-the clock work.  Compl. ¶¶ 26-39, 47-64.  Hensley argues Lazer Spot also failed to provide him with accurate pay stubs. Compl. ¶¶ 40-46.  He seeks monetary and injunctive relief for these violations of California law.  See Compl. ¶¶ 26-64.
///
///
///

2

II.   OPINION

A.   Legal Standard

A defendant may generally remove an action filed in state court if the federal district courts have original jurisdiction over the claims. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)). Defendants seeking to remove a case based on a federal court's diversity jurisdiction must show that, at the time of removal, the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1332 (a)). When it is unclear from the face of the complaint filed in state court whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez, 888 F.3d at 416. But when the complaint "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually meet that amount." Guglielmino, 506 F.3d at 699.

B.   Analysis

The face of Hensley's complaint states that the amount in controversy is $4,999,999.99. See Infanzon v. Allstate Insur. Co., No. CV 19-06483-JAK-SKx, 2019 WL 5847833, at *4 (C.D. Cal. Nov. 6, 2019) ("Where the pleadings seek 'up to' an amount or set a cap 'not to exceed' a certain figure, 'this suffices as a

statement of the amount in controversy upon which Defendants can rely in properly removing the action to federal court."). Hensley nonetheless argues this Court lacks diversity jurisdiction because the actual amount in controversy—$52,213.15—falls short of the jurisdictional minimum. Mot. at 2-3. Hensley urges the Court to consider this amount, rather than the $4,999,999.99 mistakenly claimed in the complaint, to conduct its jurisdictional analysis. Id. Albeit attractive in its simplicity, the Court cannot adopt this approach.

Lazer Spot's opposition correctly surveys much of the in-circuit authority on this issue. Opp'n 1-3. When, following removal, a plaintiff argues the amount in controversy differs from the amount alleged in his complaint, he must show to a "legal certainty" that he could not recover more than $75,000. Guglielmino, 506 F.3d at 699. A plaintiff can only meet this high bar by pointing to "a rule of law or limitation of damages [that] would make it virtually impossible for [him] to meet the amount-in-controversy requirement.'" Amezquita v. JC Penney Corp., Inc., No. 1:18-cv-0177-AWI-SAB, 2018 WL 1181675, at *2 (quoting Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986). As Lazer Spot argues, the Central District of California has uniformly rejected the notion that a mistake or typographical error in the complaint frees plaintiffs from satisfying the legal certainty standard. Opp'n at 2; Perez v. Hermetic Seal Corp., No. CV 16-05211-BRO-FFMx, 2016 WL 5477990, at *2 (C.D. Cal. 2016); Plata v. Target Corp., No. CV 16-5190-PSG-MRWx, 2016 WL 6237798, at *2 (C.D. Cal. Oct. 25, 2016); Gillings v. Time Warner Cable LLC, No. CV 10-5565-AG-RNBx,

4

2011 WL 13273074, at *2 (C.D. Cal. Jan. 6, 2011).  Hensley fails to identify any cases to the contrary.  Nor does he provide any compelling reasons why the Court should depart from the Central District's approach.

   Adopting the Central District's approach for this case, the Court finds Hensley bears the burden of proving the amount in controversy—as a matter of law—cannot exceed $75,000.00.  Hensley failed to make this showing.  He did not, in either his 3-page motion or 2-page reply brief, identify a rule of law or limitation of damages that would make it "virtually impossible" for more than $75,000.00 to be at issue here.  See Amezquita, No. 2018 WL 1181675, at *2.  Accordingly, the $4,999,999.99 prayer for relief in Hensley's operative complaint satisfies the amount-in-controversy requirement.  Because the parties also satisfy section 1332's complete diversity requirement, the Court finds it has diversity jurisdiction over this suit.  Hensley's motion to remand is therefore DENIED.


                         III.  ORDER
   For the reasons set forth above, the Court DENIES Plaintiff's motion to remand.
   IT IS SO ORDERED.
Dated: April 20, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5